UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-62215-CIV-DIMITROULEAS/SNOW

JEAN SUAREZ,

    Plaintiff,

v.

CITY OF HOLLYWOOD,

    Defendant.
_____/

**CITY OF HOLLYWOOD'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO CITY'S MOTION TO AMEND PLEADING**

By way of the instant motion, in an abundance of caution, the City merely seeks leave to add a statutory defense to Plaintiff's state-law claim. The sole purpose of the proposed amendment is to avoid a technical waiver. More importantly, the addition of this affirmative defense is purely legal in nature. It does not require any additional discovery, and Plaintiff has articulated no real prejudice from the proposed amendment itself.

In her response, Plaintiff argues that the City does not satisfy Rule 16's "good cause" standard because the facts supporting the proposed amendment—i.e., that Daniel Tyson struck a law enforcement officer over the head with a metal sundial, almost killing him, and repeatedly kicked and struck other officers—have been known to the City for a while. ECF No. 88 at 4–5. However, there is a fundamental difference between moving to add a claim or party based upon newly discovered evidence and moving to add a newly discovered statutory defense to conform to the evidence. Plaintiff either misapprehends or ignores this critical distinction.

Whenever a new claim or party is added to a case, there is a significant potential that the case will be delayed due to additional, necessary discovery. Thus, it makes perfect sense why some

courts strictly enforce scheduling order deadlines on plaintiffs who, prior to the deadline, knew or should have known of facts that could support adding an additional defendant or claim.

Here, in contrast, there is no possibility that the City's proposed amendment will delay this case, and neither Plaintiff nor the City has asked to reopen discovery if leave to amend is granted.[1] For this reason, each of the cases cited by Plaintiff is inapposite or easily distinguishable. Most of the cases addressed a plaintiff's motion to amend the complaint to add a new claim or defendant after the close of discovery, where granting leave to amend would clearly prejudice the defendant. *See Scopellitti v. City of Tampa*, 677 Fed. Appx. 503, 509 (11th Cir. 2017); *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1240 (11th Cir. 2009); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Hayes v. Moon*, 16-CV-80365-KAM, 2016 WL 11031743, at *1 (S.D. Fla. Nov. 16, 2016); *E. Portland Cement Corp. v. F.L. Smidth Inc.*, 8:08-CV-637-T-24 TBM, 2009 WL 10670449, at *1 (M.D. Fla. Mar. 17, 2009); *McGriff v. Hall*, 3:07CV85/RV/MD, 2009 WL 10676515, at *3 (N.D. Fla. Apr. 20, 2009). In one case, the defendant sought leave to add a counterclaim. *See Green Island Holdings, LLC v. British Am. Isle of Venice (BVI), Ltd.*, 521 Fed. Appx. 798, 799–800 (11th Cir. 2013). And, in the others, the defendants sought leave to reopen discovery after undue delay or bad faith. *See Millennium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1299 (11th Cir. 2007) ("Based upon Colmar's assertion that it possessed no knowledge of Lexington's position as an insurer of AIG prior to the July 2003 deposition, the District Court initially determined that Colmar had good cause to amend and, therefore, granted

---

[1] Moreover, had Plaintiff identified any potential discovery that is relevant to the City's proposed statutory defense, the equitable remedy would have been to allow a brief continuance for that discovery to be completed, rather than to allow a potential Florida tort recovery that is directly contrary to Florida law. *See Ramjeawan v. Bank of Am. Corp.*, 09-20963-CIV, 2010 WL 1882262, at *3 (S.D. Fla. May 11, 2010) ("Additionally, Defendant's objections to Plaintiffs' Motion for a leave to amend their pleadings can be cured by the granting of a continuance.").

its motion for leave to amend the answer. However, in a motion for reconsideration, AIG presented evidence that Colmar had in fact been furnished both documents and disclosures indicating that Lexington was AIG's insurer as early as June of 2002."); *Saewitz v. Lexington Ins. Co.*, 133 Fed. Appx. 695, 700 (11th Cir. 2005) ("The district court did not commit a 'clear abuse of discretion' when it denied Lexington leave to amend more than six months after the deadline so Lexington could assert a new affirmative defense *and reopen discovery* more than a month after the already-extended time for discovery had closed. This case is the classic example of an 'undue delay in filing.'" (emphasis added) (citations omitted)).

Throughout this case, Plaintiff has deposed all of the officers and witnesses who were directly involved in the incident. In each of those depositions, Plaintiff specifically inquired about Tyson's interactions with the officers, and was told over and over again that Tyson struck Officer Ramirez over the head with a metal sundial and continuously fought and kicked the officers who were trying to detain him. *See, e.g.,* Exhibits 1–7 (Excerpts of Depo. Tr.). Importantly, there is not a single additional question that Plaintiff could have asked that would bear upon the issue of whether Tyson feloniously assaulted multiple police officers on October 27, 2014. Nor are there any additional documents or interrogatories she could have propounded that would be relevant to this issue.

Where there is no prejudice to the opposing party, as here, courts often permit amendments to conform to the evidence, even during and after trial. *See* Fed. R. Civ. P. 15(b).[2] For example, in *Hassan v. United States Postal Service*, 842 F.2d 260, 263–64 (11th Cir. 1988), the Eleventh

---

[2] "[I]t is appropriate for the Court to apply Rule 15(b) in connection with a pretrial motion." *Muhs v. River Rats, Inc.*, 586 F. Supp. 2d 1364, 1375 (S.D. Ga. 2008).

Circuit held that the trial court did not err in considering evidence on an affirmative defense that was never even pleaded. The Court stated:

> Admittedly, the general rule is that, when a party fails to raise an affirmative defense in the pleadings, that party waives its right to raise the issue at trial. *See American National Bank v. Federal Deposit Insurance Corp.*, 710 F.2d 1528, 1537 (11th Cir.1983). However, the liberal pleading rules established by the Federal Rules of Civil Procedure apply to the pleading of affirmative defenses. We must avoid hypertechnicality in pleading requirements and focus, instead, on enforcing the actual purpose of the rule.
>
> The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it. *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 350, 91 S.Ct. 1434, 1453, 28 L.Ed.2d 788 (1971). **When a plaintiff has notice that an affirmative defense will be raised at trial, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice.** And, when the failure to raise an affirmative defense does not prejudice the plaintiff, it is not error for the trial court to hear evidence on the issue. *See Bull's Corner Restaurant v. Director of the Federal Emergency Management Agency*, 759 F.2d 500, 502 (5th Cir.1985); *see also Jones v. Miles*, 656 F.2d 103, 107 n.7 (5th Cir. Unit B 1981) ("Failure to affirmatively plead the defense is simply noncompliance with a technicality and does not constitute a waiver where there is no claim of surprise.") (dicta) (citation omitted).

*Id.* at 263 (emphasis added); *see also Mcalister-Jones v. Foote*, 2:15-CV-202-WCO, 2017 WL 5505316 (N.D. Ga. Jan. 31, 2017), *aff'd*, 720 Fed. Appx. 971 (11th Cir. 2017); *cf. Muhs v. River Rats*, Inc., 586 F. Supp. 2d 1364, 1376 (S.D. Ga. 2008) ("This is not a case where the plaintiff is attempting to add a new party and transform his lawsuit into a case involving a different legal theory of recovery.").

In the instant case, Plaintiff has had notice of the City's proposed affirmative defense well before trial and the dispositive motion deadline. In the Second Amended Complaint, Plaintiff affirmatively alleges that "Tyson then struck Officer Ramirez with the sundial he was carrying."

ECF No. 76 ¶ 20; *see also* Exhibits 1–7. Thus, Plaintiff is clearly aware of the facts supporting the City's proposed amendment. *See Mcalister-Jones*, 2017 WL 5505316, at *1 (finding no prejudice from a proposed amendment where opposing counsel was aware of facts supporting amendment and had the opportunity to examine opposing party on this issue at her deposition).

Moreover, in the City's current Affirmative Defenses, the City already pleaded the exact same common law defense that it seeks to add as a statutory defense. In its Fourteenth Affirmative Defense, the City pleaded, "Plaintiff is precluded from recovery because [Tyson] was in violation of a statute, regulation and/or City ordinance at the time of the alleged incident." ECF No. 78 at 8. In response to Plaintiff's interrogatories, the City even provided citations to the specific statutes that Tyson violated. *See* Exhibit 8. Thus, from both a legal and factual standpoint, Plaintiff can hardly claim unfair surprise.

Nevertheless, Plaintiff argues that amendment is futile because the City's proposed affirmative defense "fails to satisfy the pleading standard of Rule 8 and is therefore legally insufficient." ECF No. 88 at 8. But, again, Plaintiff puts form above substance. By now, Plaintiff certainly has sufficient information to understand the City's defense. *See Hassan*, 842 F.2d at 263–64.

Plaintiff also argues that the City acted with undue delay. ECF No. 88 at 7. However, the undersigned filed the instant motion immediately after he learned of the statutory defense. To the extent that the undersigned is tasked with having knowledge of *all* statutes, and all cases analyzing those statutes, the undersigned humbly requests that the City not be punished for the undersigned's excusable neglect. The undersigned certainly did not act in bad faith or otherwise delay filing the motion for some strategic advantage.

Florida law prohibits the award of damages to individuals (or their estate) who are injured during the commission or attempted commission of a forcible felony. *See* § 776.085, Fla. Stat. (2014). No public policy would be advanced by allowing Plaintiff to obtain a recovery contrary to Florida law based upon a mere technical pleading oversight. In the interest of justice, the City respectfully requests that it at least be given the opportunity to present a full and complete defense to Plaintiff's state-law claim.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via Electronic Mail on June 28, 2018 on all counsel of record on the attached Service List.

        Respectfully submitted,

        WEISS SEROTA HELFMAN
        COLE & BIERMAN, P.L.
        *Counsel for Defendant City of Hollywood*
        200 East Broward Boulevard, Suite 1900
        Fort Lauderdale, FL  33301
        Telephone:  (954) 763-4242
        Telecopier:  (954) 764-7770

        By: */s/ Adam M. Hapner*
            DANIEL L. ABBOTT
            Florida Bar No. 767115
            Primary email: dabbott@wsh-law.com
            Secondary email: pgrotto@wsh-law.com
            ADAM M. HAPNER
            Florida Bar No. 112006
            Primary email: ahapner@wsh-law.com
            Secondary email: mboschini@wsh-law.com

## SERVICE LIST

CASE NO.: 0:16-CIV-62215-DIMITROULEAS/SNOW

| | |
|---|---|
| **Joseph J. Kalbac, Jr., Esq.**<br>**Stephanie A. Casey, Esq.**<br>**Denise H. Georges, Esq.**<br>**Lindsey Lazopoulos Friedman, Esq.**<br>COLSON HICKS EIDSON<br>255 Alhambra Circle, Penthouse<br>Coral Gables, Florida 33134<br>Telephone: 305-476-7400<br>Facsimile: 305 476-7444<br>Email:eservice@colson.com;<br>nicky@colson.com; mabel@colson.com;<br>denise@colson.com; scasey@colson.com;<br>jkalbac@colson.com;<br>lindsey@colson.com<br><br>*Attorneys for Plaintiff* | **Daniel L. Abbott, Esq.**<br>**Adam M. Hapner, Esq.**<br>WEISS SEROTA HELFMAN<br>COLE & BIERMAN, P.L.<br>200 E. Broward Blvd., Suite 1900<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 763-4242<br>dabbott@wsh-law.com<br>ahapner@wsh-law.com<br><br>*Attorneys for Defendant City of Hollywood* |