UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-62215-CIV-DIMITROULEAS

JEAN SUAREZ, individually and as
Personal Representative of the Estate of
DANIEL TYSON, deceased,

    Plaintiff,

v.

CITY OF HOLLYWOOD, a Florida
Municipal Corporation,

    Defendant.
_____/

## OMNIBUS ORDER ON MOTIONS IN LIMINE

THIS CAUSE is before the Court on Defendant's Motion in Limine [DE 144] and Plaintiff's Omnibus Motion in Limine [DE 145]. The Court has considered the motions, the parties' responses thereto [DE 148, 150], their replies [DE 156, 158], and being otherwise fully advised in the premises, rules as follows:

Motions in limine are best limited to those issues that the mere mention of which would deprive a party of a fair trial. The Court does not issue advisory opinions, and it is difficult to rule in a vacuum without having the opportunity to see the proffered evidence or testimony in perspective with other evidence in the trial. Furthermore, limine motions that are granted are done so without prejudice to the adverse party's proffering the evidence, outside the presence of the jury. Limine motions that are denied are done so without prejudice to the movant's renewing the objection, if and when the objected-to evidence is offered at trial.

1

Defendant's Motion in Limine [DE 144]

1.      First, Defendant seeks to preclude the admission or discussion of the Response to Resistance Reports, also known as "use-of-force reports." [DE 144] at 2. Defendant contends that the reports are not relevant to the remaining claims and are inadmissible hearsay. Plaintiff responds that the reports are relevant to her ADA and Rehabilitation claims (hereinafter referred together as "ADA claims") and are admissible for non-hearsay purposes, such as showing that the City was on notice of prior improper uses of force. The Court agrees with Defendant that the reports are not relevant in light of the Court's dismissal of Plaintiff's § 1983 claim. Any marginal relevance to Plaintiff's ADA claims is outweighed by the risk of unfair prejudice and confusion. This Motion in Limine is granted without prejudice to Plaintiff proffering evidence outside the presence of the jury of the relevance of the Reports to her ADA claims.

2.      Second, Defendant seeks to preclude the admission or discussion of the report of Charles Gruber (the "Gruber Report"). [DE 144] at 5. Defendant contends that the Gruber Report is inadmissible because it is irrelevant and improper opinion testimony. Plaintiff responds that the report is relevant to whether the City was on notice of certain deficiencies in its training, discipline, and supervision and that Gruber can properly testify as a lay witness. The Court agrees with Defendant that the Report is not relevant in light of the dismissal of Plaintiff's § 1983 claim. This Motion in Limine is granted without prejudice to Plaintiff proffering the evidence outside the presence of jury as it relates to her ADA claims or impeachment.

3.      Third, Defendant moves to preclude evidence that the City of Hollywood Police Department lost its accreditation after the incident underlying this case. [DE 144] at 7. Defendant argues that the loss of accreditation occurred after the incident and is, therefore, irrelevant. Plaintiff responds that if Defendant intends to present evidence that its accreditation is evidence

that its policies are constitutional, Plaintiff should be permitted to present evidence that the City subsequently lost that accreditation. In reply, Defendant asserts that, in light of the Court's rulings on its summary judgment motion, it no longer intends to argue that the Department's accreditation at the time of Tyson's death is evidence that its policies are constitutional. Accordingly, the Court will grant this Motion in Limine, as Defendant now stipulates that it does not intend to open the door by introducing evidence of its accreditation.

Plaintiff's Omnibus Motion in Limine [DE 145]

1. First, Plaintiff moves to exclude evidence of or references to Tyson's sexual orientation as irrelevant and unduly prejudicial. [DE 145] at 2. In response, Defendant agrees not to ask questions or comment on Tyson's sexual orientation at trial. Therefore, this Motion in Limine is granted without prejudice to Defendant's proffering such evidence outside the presence of the jury, if Plaintiff opens the door to Tyson's sexual orientation at trial.

2. Second, Plaintiff moves to exclude evidence or references to Tyson's religious or spiritual beliefs, including the fact that Tyson believed in magic and was a psychic healer. [DE 145] at 3. Plaintiff argues that she does not allege that Tyson's death was motivated by religious animus or that the police officers were aware of his religion during their encounter with him and, therefore, such evidence is irrelevant and unduly prejudicial. Defendant responds that Tyson's spiritual beliefs and interest in magic is relevant to his mental capacity at the time of the encounter. This Motion in Limine is granted, without prejudice to Defendant's proffering evidence of Tyson's spiritual beliefs outside the presence of the jury, if Plaintiff opens the door to Tyson's religious or spiritual beliefs at trial.

3. Third, Plaintiff moves to exclude evidence or references to Tyson's work as a psychic as irrelevant and unduly prejudicial. [DE 145] at 4. This Motion in Limine is likewise

granted, without prejudice to Defendant's proffering evidence of Tyson's work as a psychic outside the presence of the jury, if Plaintiff opens the door to this issue at trial.

   4.  Fourth, Plaintiff moves to exclude evidence or references to Plaintiff's involvement in two prior lawsuits. [DE 145] at 5. Defendant agrees not to ask questions or comment regarding Plaintiff's prior lawsuits at trial. Therefore, this Motion in Limine is granted.

   5.  Fifth, Plaintiff moves to exclude evidence or reference to Tyson's having been Baker Acted more than ten years ago. [DE 145] at 6. Plaintiff contends that there is no evidence that confirms the circumstances of Tyson's prior Baker Act and that there is insufficient information to establish evidence of Tyson's prior Baker Act as something other than inadmissible character evidence. Additionally, Plaintiff argues that whatever probative value such evidence may have is outweighed by its prejudicial effect. Defendant responds that Tyson's having been previously Baker Acted is probative of his state of mind during the incident underlying this case and his fear and disdain of being Baker Acted again. Defendant points to evidence that Tyson felt strongly about his prior experience being hospitalized and not wanting to return to a mental hospital. [DE 150] at 4. This Motion in Limine is denied without prejudice to Plaintiff's renewing her objecting to this evidence if and when it is offered at trial.

   6.  Sixth, Plaintiff moves to exclude evidence or reference to Tyson's argument or altercation with John Collette on October 27, 2014 [DE 145] at 7. Plaintiff argues that the information is inadmissible character evidence, has no relevance, and is unduly prejudicial. Defendant responds that the altercation is evidence that Tyson was exhibiting symptoms of Excited Delirium Syndrome (ExDS) the day before the incident and is probative of Tyson's cause of death. Plaintiff replies that Defendant cites no evidence to support this argument. Therefore, this Motion in Limine is granted, without prejudice to Defendant proffering outside the presence of the

jury some admissible and previously disclosed evidence in support of its argument that the altercation is evidence that Tyson was exhibiting symptoms of ExDS.

7. Seventh, Plaintiff moves to exclude evidence regarding use of marijuana and alcohol. [DE 145] at 8. Defendant does not oppose this motion. Accordingly, this Motion in Limine is granted.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion [DE 144] is **GRANTED** as set forth above;
2. Plaintiff's Motion [DE 145] is **GRANTED** in part and **DENIED** in part as set forth above.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of November, 2018.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record